UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | Case No. 2:23-cv-01076-KJM-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| EXPEDIA, | ECF No. 2 |
| Defendant. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND |
| | ECF No. 1 |

Plaintiff Jean Marc Van den Heuvel brings this civil action against defendant Expedia. His complaint, however, fails to state a claim, and I will recommend that it be dismissed. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1

1    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

2    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

3    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

4    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

5    n.2 (9th Cir. 2006) (en banc) (citations omitted).

6         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

7    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

8    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

9    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

10   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

11   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

12   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13                                      **Analysis**

14        The complaint cites two federal laws as purported bases for plaintiff's claims, ECF No. 1

15   at 3, but neither supports a cause of action.  The complaint cites 49 U.S.C. § 41712, but that

16   statute gives the Department of Transportation, not a private citizen, power to "investigate and

17   decide whether an air carrier . . . has been or is engaged in an unfair or deceptive practice or an

18   unfair method of competition in air transportation or the sale of air transportation."  49 U.S.C.

19   § 41712(a); *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1223 (11th Cir. 2014).  Plaintiff may,

20   however, a file a complaint with the Department of Transportation, and the Department of

21   Transportation, at its discretion, can prosecute actions against carriers for "unfair and deceptive

22   practices."  *See* 49 U.S.C. § 41712(a); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244,

23   1250 (6th Cir. 1996), *amended on denial of re'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan.

24   15, 1998).  The complaint also cites 14 Code of Federal Regulations Part 259.  ECF No. 1 at 3.

25   This regulatory subchapter provides enhanced protections for certain airline passengers, but

26   plaintiff has neither alleged a cause of action under a specific subsection of this subchapter nor

27   alleged that he has standing do so.

28

1      The factual allegations consist of one sentence that spans several lines and makes no
2 reference to air travel, despite the complaint's citation to the two, above-described statutes. *Id.* at
3 4.  From what the court can glean, the complaint alleges that plaintiff was charged with
4 trespassing at the El Dorado County Public Library, but that Judge Jamie Pesce removed the trial
5 from calendar. *Id.*  For this alleged wrong, plaintiff seeks twenty million dollars.

6      Plaintiff attached several documents to the complaint, including filings and court orders
7 from other cases filed by plaintiff in this district and an assortment of documents from the
8 Sacramento County Superior Court.  *Id.* at 6-54.

9      The complaint fails to comport with Rule 8's requirement that it present a short and plain
10 statement of plaintiff's claims, and it contains no facts to support any cognizable legal claim
11 against defendant Expedia.  *See* Fed. R. Civ. P. 8(a).  Plaintiff must allege with at least some
12 degree of particularity overt acts of defendant that support his claims.  *See Jones v. Cmty. Redev.*
13 *Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of
14 particularity overt acts which defendants engaged in that support the plaintiff's claim.").  Indeed,
15 plaintiff does not mention Expedia or any actions taken by the corporation in his allegations.

16      The operative complaint should be dismissed for failure to state a claim.  Given the
17 complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure its
18 deficiencies, and so I recommend that dismissal be without leave to amend.[1]  *See Schucker v.*
19 *Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se
20 complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
21 the complaint could not be cured by amendment.") (internal quotation marks and citations
22 omitted).

23      Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*
24 *pauperis*, ECF No. 2, is granted.

---

[1] Plaintiff has filed approximately forty cases in this district in the past ten years.  Several of his prior complaints resemble in some ways the instant complaint and have not survived screening.  *See Van Den Heuvel v. A.M.P.M. Mini Mart*, 2:23cv752-TLN-AC (PS) (E.D. Cal. June 21, 2023) (dismissing plaintiff's complaint for failure to state a claim); *Van Den Heuvel v. Walmart Super Store*, 2:22-cv-249-DJC-JDP (PS) (E.D. Cal. June 5, 2023) (same); *Van Den Heuvel v. Kathy McMillian*, 2:22-cv-2292-DAD-CKD (PS) (E.D. Cal. Aug. 16, 2023) (same).

Furthermore, it is hereby RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

2. The Clerk of Court be directed to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 8, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE